JOHN GARNER ET AL. v. ELIZABETH THOMPSON ET AL.
(No. 4095.)

HUSBAND AND WIFE — COMMUNITY PROPERTY.— When legal title in land is vested in the community estate of husband and wife, purchasers from survivor after death of wife are chargeable with notice of the community rights of the heirs of deceased wife.

SEPARATE PROPERTY.— If husband receive land by reason of his immigration, settlement and residence on his own part such as would, under the law, entitle him to it, independent of his right as a married man, it is his separate property.

APPEAL from Grayson county. Opinion by WATTS, J.

The certificate by virtue of which the land was patented to Aaron Henning was issued to him prior to his marriage, as a single man, and an immigrant to and settler in Peters'

colony. In Hodge *v.* Donald, 55 Tex., 350, the court in effect said that if the husband received the grant by reason of his immigration, settlement, residence, etc., on his own part as would, under the law, entitle him to it independently of the right based upon his *status* as a married man, then it would be his separate property. Here Aaron Henning was entitled to the quantum of land received in his own right as a single man, and the fact that he married after the issuance of the certificate to him did not enlarge or otherwise affect that right. Appellants also asserted a right to or interest in the land as heirs of Mrs. Henning, based on the fact that after the marriage the office fees and other expenses incurred in procuring the patent were paid with community funds, and also that improvements of considerable value were placed on the land by the common labor of the husband and wife. Now for the purpose of this appeal it may be conceded that such facts would constitute an equitable charge upon the land in favor of the wife to reimburse her to the amount of one-half of the value of such improvements and one-half of the expenditures. Still the court found that the appellees were purchasers for value and without notice of any such equitable charges. This finding is a complete defense to the assertion of such a claim.

It is the settled doctrine in this state that when the legal title to land is vested in the community estate of husband and wife that the purchasers from the survivor after the death of the wife are chargeable with notice of the community rights of the heirs of the deceased; such notice is thrust upon purchasers by operation of law. He must take notice of the title papers of the land he purchases, our marital rights laws, the existence of the vendor's family and their rights to the land which he contemplates purchasing. Johnson *v.* Harrison, 48 Tex., 261.

Equity.— But as to the equitable charges asserted against the land by the appellants, that doctrine has no application;

for the purchase for value and without notice of these equitable charges is a complete answer to that part of the case as presented by the petition. Burleson *v.* Burleson, 28 Tex., 418; Johnson *v.* Harrison, 48 Tex., 266.

JUDGMENT AFFIRMED.